*U.S. v. Chau*, 426 F.3d 1318 (11th Cir. 2005) (use of hearsay at sentencing in absence of objection is not plain error). The cases that have addressed the issue of whether *Blakely* and *Booker* make the Confrontation clause applicable at sentencing have concluded that they do not. Furthermore, Joubert cannot rely upon *Blakely* and *Booker* because his sentence was final before they were decided.

In summary, Joubert's petition is barred by the applicable statute of limitations; however, even if it were not, his claims are so clearly without merit in light of controlling decisions of both the Ninth Circuit and the United States Supreme Court, the petition would have to be dismissed in any event.

**IT IS THEREFORE ORDERED**:

The motion to dismiss at **Docket No. 162** is **GRANTED**. The clerk is directed to enter judgment dismissing Joubert's petition with prejudice. In addition, this Court would deny a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1)(B), *and Slack v. McDaniel*, 529 U.S. 473 (2000). Joubert has not made a substantial showing that a constitutional right was violated. Reasonable jurists could not differ regarding any of the issues upon which Joubert relies. *See Khaimov v. Crist*, 297 F.3d 783 (8th Cir. 2002) (discussing standards governing issuance of COA). If Joubert wishes to appeal the adverse judgment in this case he must seek a COA from a motions panel of the Ninth Circuit Court of Appeals within the time allowed to perfect an appeal.

Dated at Anchorage, Alaska, this ___1___ day of December 2005.

/s/ James K. Singleton
**JAMES K. SINGLETON, JR.**
United States District Judge

PD 12-1-05
A97-0065--CR (JKS)
-------------------------------------------------
M. GEDDES (FPD)
A. RENSCHEN (US ATTY)
MAGISTRATE JUDGE ROBERTS

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 1997\A97-0065.habeas.wpd    3

Exhibit B